UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 MAR 10 P 4:14

U.S. DISTRICT COURT
DISTRICT OF MASS.

LEONIDES VIVAS CHACON     )
    Petitioner        )
                         )
    v.                    )
                         )     NO. 05 10465 MEL
                         )
BRUCE CHADBORNE           )
DISTRICT DIRECTOR         )
U.S. IMMIGRATION AND      )
CUSTOMS ENFORCEMENT       )
    Respondent        )


## MOTION FOR EMERGENCY STAY OF REMOVAL

Now Comes, Leonides Chacon ("Petitioner"), by and through Counsel, and respectfully moves this Honorable Court for an Emergency Stay of Deportation, because Petitioner is prima facie eligible for Temporary Protected Status.

1. The Petitioner, Leonides Chacon, is a resident of East Boston, Massachusetts, and is presently in the custody of the U.S. Immigration and Customs Enforcement Agency. Petitioner believes ICE plans to Remove him from the United States on or about March 11, 2005.

2. The Respondent, Bruce Chadborne, is the District Director for the U.S. Immigration and Customs Enforcement Agency, District of Boston.

SUMMARY OF ISSUE

3. Petitioner is prima facie eligible for Temporary Protected Status ("TPS").

4. Petitioner is a TPS registrant and has a TPS application pending before the Service.

5. Petitioner will face irreparable harm if he is Removed from the United States before the Service fully adjudicates his claims.

## ANALYSIS

6. The Petitioner moves this Honorable Court to grant this request to stay removal pending the outcome of Petitioner's pending TPS application before the Service.

7. For an Emergency Stay of Removal to be granted, Petitioner must demonstrate: 1) he will likely succeed on the merits; 2) he will suffer irreparable harm; 3) the harm outweighs any potential harm that would arise from granting the stay; and 4) the stay would serve the public interest. Arevalo v. Ashcroft, 344 F.3d 1, 7, 9 (1st Cir. 2003).

8. Petitioner will likely succeed on the merits. Petitioner is prima facie eligible for TPS. Petitioner is a native of El Salvador and satisfies all TPS requirements.

9. Petitioner will suffer irreparable harm if Petitioner is Removed from the United States before the Adjudicates Petitioner's application fully.

10. The harm Petitioner will suffer far outweighs any potential harm that would arise from granting the stay. If Petitioner is deported before the Service rules on his TPS application, Petitioner will lose eligibility to TPS and not be afforded the benefit of residence in the United States. This harm to Petitioner clearly outweighs any harm in granting the Stay. Petitioner is detained by ICE and in no manner is he a violent person. By granting a Stay until the Service rules on TPS application grave injustice to Petitioner will be averted and no harm would arise.

11. The public interest would be served if the Stay is Granted.

   a. Petitioner's United States Citizen children will become charges of the state if Petitioner is deported from the United States. This Stay will serve the public interest because if Petitioner's TPS application is granted his family will not become charges of the state.

b. The public interest will be served because if the Stay is granted, it will ensure Petitioner's Sixth Amendment Right to Counsel and Due process Rights are not violated.

## CONCLUSION

12. Based upon the above stated facts, Petitioner prays that this court will grant his request for an Emergency Stay, where removal under the circumstances would amount to a violation of his Constitutional rights.

Respectfully Submitted,

Jeff Ross, Esq.
Ross & Associates
20 Park Plaza, Suite 633
Boston, MA 02116
(617) 338-4040
BBO: 648972

I hereby certify that a true copy of the above document was served upon Office of the District Counsel, Department of Homeland Security, JFK Building, Room 425, 15 New Sudbury Street, Boston, MA 02203; the attorney of record for each party by mail on March 10, 2005.

*[signature]*