```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS

LEONIDES VIVAS CHACON           )
                                )
          Petitioner            )
                                )      Civil Action No.
     v.                         )      05cv10465-MEL
                                )
BRUCE CHADBOURNE, FIELD OFFICE  )
DIRECTOR, BUREAU OF IMMIGRATION )
AND CUSTOMS ENFORCEMENT         )
                                )
          Respondent[1]         )
```

### RESPONDENT'S MOTION TO VACATE TEMPORARY STAY OF REMOVAL AND OPPOSITION TO MOTION FOR EMERGENCY STAY

Respondent pursuant to Fed. R. Civ. P. 65(b) moves for vacation of the emergency Judge's March 11, 2005, temporary stay of removal.

Petitioner's assertion of eligibility for Temporary Protected Status ("TPS")[2] is meritless in light of the fact that petitioner's TPS application was administratively denied almost a year ago, on March 19, 2004. See Attachment A. Petitioner concedes he is subject to a final order of deportation entered July 15, 1997. See Petition, p. 2, ¶7.

---

[1] The responsive official of the Department of Homeland Security responsible for enforcement of petitioner's deportation order in the instant action is Bruce Chadbourne, Field Office Director for Detention and Removal, Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") in Boston, Massachusetts. See 28 U.S.C. § 517 (providing for the appearance of the Department of Justice "to attend to the interests of the United States in a suit pending in a court of the United States").

[2] See generally section 244 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1254a.

At the same time however, though a judicial stay of deportation is not well-founded, counsel for petitioner has represented to the undersigned that an administrative appeal to the Board of Immigration Appeals ("BIA") has been filed from the Immigration Judge's recent denial of petitioner's motion to reopen.  See attachment to Petition.  The filing of <u>such an appeal operates as an administrative stay of execution of the order of deportation until the BIA has made its decision on the administrative appeal</u>. 8 C.F.R. § 1003.23(b)(4)(iii)(2) (2004).

Should the BIA's appeal determination be adverse to petitioner, petitioner's statutorily prescribed remedy is to seek judicial review at the First Circuit Court of Appeals. <u>See</u> 8 U.S.C. §§ 1252(b)(1) (directing that "[t]he petition for review must be filed not later than 30 days after the date of the final order of removal"), and 1252(b)(2) (prescribing venue in review of a removal order, "[t]he petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings."). Should petitioner seek circuit court review of any adverse BIA decision, petitioner may at that time also seek from the circuit court a further stay of deportation.

Habeas corpus jurisdiction does not lie to review a deportation order where the alien has available to him statutory review at the circuit court. <u>Rivera-Martinez v. Ashcroft</u>, 389

F.3d 207 (1st Cir. 2004). Moreover, habeas corpus does not lie for review of claims that have not been exhausted administratively. <u>Sayyah v. Farquharson</u>, 382 F.3d 20 (1st Cir. 2004). Finally, this Court lacks jurisdiction otherwise to enjoin deportation under 8 U.S.C. § 1252(g).[3] <u>See</u> <u>generally</u> <u>Reno v. American-Arab Anti-Discrimination Committee et al.</u>, 525 U.S. 471, 483 (1999). <u>See</u> <u>also</u> <u>Carranza v. INS</u>, 277 F.3d 65, 71 (1st Cir. 2002) ("[f]ederal courts therefore retain subject matter jurisdiction over habeas petitions brought by aliens facing removal to the extent those petitions are based on colorable claims of legal error, that is, colorable claims that an alien's statutory or constitutional rights have been violated.").

Because there is already -- as respondent acknowledges -- the existence of a regulatory automatic administrative stay of deportation pending the BIA's determination of petitioner's administrative appeal, and because ultimate judicial review of petitioner's deportation order is prescribed for the First Circuit Court of Appeals, which can address any request for a judicial stay of deportation in connection with judicial review of any adverse BIA decision, this Court should vacate the

---

[3] "(g) EXCLUSIVE JURISDICTION.--Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, <u>or execute removal orders against any alien under this Act</u>."

emergency Judge's temporary stay, and deny the Motion for Emergency Stay of Removal.

## CONCLUSION

Because the Court lacks subject matter jurisdiction to review the petitioner's deportation order, and because there is an automatic stay of deportation in place pending the final administrative determination of petitioner's motion to reopen his deportation order, the Court should vacate the temporary stay of the emergency Judge, and deny the Motion for Emergency Stay of Removal and all other relief requested.

                          Respectfully submitted,

                          MICHAEL J. SULLIVAN
                          United States Attorney

By:   s/Frank Crowley
       FRANK CROWLEY
       Special Assistant U.S. Attorney
       Department of Homeland Security
       P.O. Box 8728
       J.F.K. Station
       Boston, MA 02114
       (617) 565-2415

---

(Emphasis added).

**CERTIFICATE OF SERVICE**

I hereby certify that I caused true copy of the above document to be served upon counsel for petitioner by mail on March 11, 2005.

                                 s/Frank Crowley
                                 FRANK CROWLEY
                                 Special Assistant U.S. Attorney
                                 Department of Homeland Security
                                 P.O. Box 8728
                                 J.F.K. Station
                                 Boston, MA 02114

**ATTACHMENT A**

Department of Homeland Security
Lower Welden Street
St. Albans, VT 05479



U.S. Citizenship
and Immigration
Services

March 19, 2004

LEONIDES VIVAS CHACON
150 MAVERICK STREET APT 1
CHELSEA MA  02150

A Number: A95051434
File Receipt Number: EAC0221450791

Dear Sir/Madam:

On January 16, 2004, you were notified of the Service's intent to deny the Application for Temporary Protected Status, Form I-821, you filed on June 7, 2002. The basis for the intent was a request for you to submit evidence to establish that you have continuously resided in the United States since February 13, 2001, and have been continuously physically present in the United States from March 9, 2001, to the date of filing your application.

You were granted an opportunity to submit any evidence you thought would overcome the grounds of denial.

You have failed to establish that you have continuously resided in the United States since February 13, 2001, pursuant to Section 244(c)(1)(A)(ii) of the Act.

You have failed to establish that you have been continuously physically present in the United States from March 9, 2001, to the date of filing your application pursuant to Section 244(c)(1)(A)(i) of the Act.

The evidence submitted does not overcome the grounds of denial. Therefore, your application is denied.

If you desire to appeal this decision, you may do so. Your notice of appeal must be filed within 30 days from the date of this notice, (33 days if this notice was received by mail). If no appeal is filed within the time allowed, this decision is final. Appeal in your case may be made to the Commissioner on the enclosed Form I-290B. (A fee of $110.00 is required).

If an appeal is desired, the Notice of Appeal shall be executed and filed with this office, together with the required fee. A brief or other written statement in support of your appeal may be submitted with the Notice of Appeal.

www.uscis.gov

S

Page 2
A95051434
EAC0221450791

There is no provision in the regulations to extend the time to file an appeal. Therefore it must be submitted by the date noted on **Form I-290B**. An extension of time to file a brief may be granted if good cause is shown.

Sincerely,

*Sandra T. Bushey*

Sandra T. Bushey
Acting Center Director

Enclosure(s)

3/19/04
00032