**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LEONIDES VIVAS CHACON )<br>    Petitioner )<br> )<br>    v. )<br> )<br> )<br>BRUCE CHADBORNE )<br>DISTRICT DIRECTOR )<br>U.S. IMMIGRATION AND )<br>CUSTOMS ENFORCEMENT )<br>    Respondent ) | Civil Action No.<br>05cv10465-MEL |

MEMORANDUM OF LAW IN OPPOSITION TO RESPONDENT'S MOTION TO
TRANSFER TO FIRST CIRCUIT COURT OF APPEALS PURSUANT TO
SECTION 106(c) OF THE REAL ID ACT OF 2005

Petitioner opposes the transfer of this action to the Court of Appeals. Petitioner questions the Constitutionality of Section 106(c) of RIDA. In the Alternative, Petitioner opposes the transfer of this action that challenges the detention of Petitioner and stay of removal but concedes the transfer of the part of this action that challenges the denial of the Appeal by the BIA.

**ARGUMENT**

I. **SECTION 106(a)(1)(B)(5) OF RIDA VIOLATES THE SUSPENSION CLAUSE.**

Section 106(a)(1)(B)(5) of RIDA purports to eliminate judicial review of final removal orders at the District Court level by making the review the exclusive jurisdiction of the courts of appeals. Such a radical departure from the District Court's role in the review of final removal orders cannot be followed without scrutiny.

Section 106(a)(1)(B)(5) of RIDA states "notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States ode, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal…"

This provision removes a layer of judicial review by eliminating the jurisdiction of the District Court and making it the exclusive jurisdiction of the Court of Appeals. Furthermore, a petition of review must be filed in the Court of Appeals within 30 days of a final removal order. Prior to RIDA, a habeas action could be filed at any time, not within the 30-day window to file a habeas action.

The Supreme Court has noted "Congress could without raising any constitutional questions, provide an adequate substitute [to section 2241] through the courts of appeal." *INS v. St. Cyr*, 533 U.S. 289, 314 n.38 (2001). See, e.g. *Swain v. Pressley*, 430 U.S. 372, 381, 51 L. Ed. 2d, 411, 97 S.Ct. 1224 (1977)('The substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention' does not violate the Suspension Clause)."

The question then becomes, has Congress created an adequate substitute through the Court of Appeals where the collateral remedy is neither inadequate nor ineffective. RIDA violates the Suspension Clause because it has the affect of eliminating habeas review for parties that fail to file a petition of review within 30 days of a final removal order.

The elimination of filing a habeas action at any time subsequent to a final removal order does not provide an adequate substitute in the court of appeals. Therefore, this substitute is inadequate and ineffective to test the legality of detention and violates the Suspension Clause. Section 106(a)(1)(B)(5) of RIDA is inadequate because it does not allow challenges to removal orders to be filed after 30 days.

**II.  A.   IN THE ALTERNATIVE:  THE COURT SHOULD TRANSFER TO THE COURT OF APPEALS THE PORTION OF THIS ACTION THAT CHALLENGES THE JUNE 16, 2005 DECISION OF THE BIA.**

This action contested the detention and stay of removal of Petitioner while the Motion to Reopen was pending before the Immigration Judge and the Appeal was before the BIA.  On June 16, 2005, the BIA denied Petitioner's Appeal.

Pursuant to Section 106(c) of RIDA, "If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, than the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation or exclusion) to the court of appeals…"

Petitioner did not file a petition of review with the Court of Appeals.  To have filed a petition for review at the First Circuit Court of Appeals before this matter was adjudicated would have rendered this entire action moot.  Petitioner challenges the denial of the Appeal by the BIA and this part of the action should be transferred to the First Circuit Court of Appeals.

> **B.    THE COURT SHOULD NOT TRANSFER TO THE COURT OF APPEALS THE PORTION OF THIS ACTION THAT CHALLENGES THE DETENTION OF PETITIONER AND MOVES FOR A STAY OF DEPORTATION.**

The portion of this action that challenges the detention of petitioner and requests a stay of removal of Petitioner should remain in the District Court. Section 106(c) of RIDA states that habeas cases "or the part of the case that challenges the order of removal, deportation or exclusion" shall be transferred to the appropriate court of appeals. Through the use of shall, § 106(C) of RIDA implies that part of a habeas cannot be transferred.

Furthermore, in *INS v. St. Cyr*, 533 U.S. 289, 364-365 (2001) the Supreme Court stated "the writ of habeas corpus has always been available to review the legality of executive detention." The elimination of judicial oversight of executive detention would be a radical movement away from the function of the courts.

Finally, § 106(C) of RIDA does not impact the jurisdiction of habeas actions to questions of detention. The government acknowledges that § 106(C) of RIDA does not affect challenges to pure detention that do not attack the underlying removal order in their memorandum of law.

As a result, the part of the habeas action that challenges Petitioner's detention and request for stay of removal should

remain in the District Court and not be transferred to the Court of Appeals.  RIDA does not require the whole action to be transferred to the Court of Appeals, only the part challenging the removal order.

**CONCLUSION**

Therefore, Petitioner Honorably request this case not be transferred to the First Circuit Court of Appeals because RIDA violates the Suspension Clause and is unconstitutional pursuant to *INS v. St. Cyr* and *Swain v. Pressley*. In the alternative, Petitioner requests his challenge to his denial of his Appeal by the BIA be transferred to the First Circuit Court of Appeals and the habeas challenge to Petitioner's detention and request for stay of removal remain in the District Court.


Respectfully Submitted,

*/s/ Jeff Ross*
Jeff Ross, Esq.
Ross & Associates
20 Park Plaza, Suite 633
Boston, MA 02116
(617) 338-4040
BBO: 648972

I hereby certify that a true copy of the above document was served upon Frank Crowley, Special Assistant U.S. Attorney, Department of Homeland Security, P.O. Box 8728, JFK Station, Boston, MA 02114; the attorney of record for each party by mail on August 5, 2005.

_[signature]_