UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEONIDES VIVAS CHACON )<br>)<br>    Petitioner )<br>)<br>    v. )<br>)<br>BRUCE CHADBOURNE, FIELD OFFICE )<br>DIRECTOR, BUREAU OF IMMIGRATION )<br>AND CUSTOMS ENFORCEMENT )<br>)<br>    Respondent[1] ) | Civil Action No.<br>05cv10465-MEL |

RESPONDENT'S REPLY TO PETITIONER'S MEMORANDUM OF LAW IN
OPPOSITION TO RESPONDENT'S MOTION TO TRANSFER TO FIRST CIRCUIT
COURT OF APPEALS PURSUANT TO SECTION 106(c) OF
<u>THE REAL ID ACT OF 2005</u>

Respondent seeks leave of Court to reply to Respondent's Reply to Petitioner's Memorandum of Law in Opposition to Respondent's Motion to Transfer to First Circuit Court of Appeals Pursuant to Section 106(c) of the Real ID Act of 2005[2] ("Petitioner's Opposition").

---

[1] The responsive official of the Department of Homeland Security responsible for enforcement of petitioner's deportation order in the instant action is Bruce Chadbourne, Field Office Director for Detention and Removal, Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") in Boston, Massachusetts. <u>See</u> 28 U.S.C. § 517 (providing for the appearance of the Department of Justice "to attend to the interests of the United States in a suit pending in a court of the United States").

[2] <u>See</u> The Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005, (H.R. 1268), which includes the REAL ID Act of 2005, Division B of Title VII of H.R. 1268, 109th Cong. (2005), Pub. L. No. 109-13, Div. B, 119 Stat. 231.

1

**ARGUMENT**

I.   EVEN ASSUMING PETITIONER HAD STANDING TO MAKE A CHALLENGE, SECTION 106(c) OF THE REAL ID ACT OF 2005 DOES NOT VIOLATE THE SUSPENSION CLAUSE.

Petitioner's Opposition asserts principally that the Real ID Act of 2005 "violates the Suspension Clause because it has the effect of eliminating habeas review for parties that fail to file a petition for review within 30 days of a final removal order." Petitioner's Opposition, p.3.

However, with respect to the instant petition filed in this Court, which was pending on May 11, 2005, and which the First Circuit will construe as a timely petition for review upon transfer pursuant to RIDA section 106(c), petitioner lacks standing to complain.  At the First Circuit upon transfer of this action petitioner will get judicial "review of constitutional claims or questions of law".[3] Before enactment of the RIDA, habeas corpus review of immigration cases in this circuit was for "colorable claims of legal error, that is, colorable claims that an alien's statutory or constitutional rights have been violated." Carranza v. INS, 277 F.3d 65, 71 (1st Cir. 2002).

Petitioner does not say what daylight, if any, he discerns between pre-RIDA and post-RIDA review that makes that makes circuit court of his claims inadequate or ineffective.  Therefore

---

[3] See RIDA section 106(a)(1)(A)(iii), creating a new section of the INA, section 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D), that provides for such review at the circuit court.

petitioner lacks any basis to claim injury from the application of the RIDA section 106(c); hence he has no standing to challenge the RIDA provisions. Osediacz v. City of Cranston, 414 F.3d 136 (1st Cir. 2005)(available at 2005 WL 1575628, *3)("The constitutional core of standing requires that a plaintiff make a tripartite showing: she must demonstrate that she has suffered an injury in fact, that her injury is fairly traceable to the disputed conduct, and that the relief sought promises to redress the injury sustained. The party seeking to invoke the federal court's jurisdiction--normally, the plaintiff -- bears the burden of pleading and proof on each step of the standing pavane." (citations omitted)).

    Nonetheless, even assuming arguendo petitioner had standing, petitioner himself concedes that the Supreme Court has explicitly recognized that "Congress could without raising any constitutional questions, provide an adequate substitute [to section 2241] through the courts of appeal." INS v. St. Cyr, 533 U.S. 289, 314 n.38 (2001). See also Swain v. Pressley, 430 U.S. 373, 381 (1977) ("[T]he substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention" does not violate the Suspension Clause.). Petitioner's Opposition, p.3.

    Petitioner declares that the RIDA substitution of the Circuit Court of Appeals as the forum for review of his claims is

not an adequate substitute to habeas review "because it does not allow challenges to removal orders to be filed after 30 days." Id.  But because petitioner's habeas case was pending on May 11, 2005, (the RIDA enactment date) "[t]he court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section 242, except that subsection (b)(1) of such section shall not apply." (Emphasis added).  Section 106(c) of the Real ID Act of 2005.  Immigration and Nationality Act section 242(b)(1), 8 U.S.C. § 1252(b)(1), as referred to by RIDA section 106(c), is the requirement that a petition for review at the circuit court be filed within 30 days of the date of the order for which review is sought.  Because the 30 day filing deadline "shall not apply" in a case transferred under RIDA section, petitioner's transferred claims are unaffected by the 30 day filing deadline, and so he has no standing to complain about it.

Through enactment of the RIDA Congress has prescribed the review petition procedure instead of general habeas corpus review, and has exercised its broad authority to define federal court jurisdiction, see Felker v. Turpin, 518 U.S. 651, 664 (1996), and its plenary power over immigration matters, see Reno v. Flores, 507 U.S. 292, 305-06 (1993).  Congress has now provided aliens with an alternative remedy that is neither inadequate nor ineffective to challenge the legality of their

removal from the United States.  See also 151 Cong. Rec. H2813, 2873 ("By placing all review in the courts of appeals, [RIDA] would provide an 'adequate and effective' alternative to habeas corpus.").

Congress has acted to prevent endless litigation by establishing a rule of finality whereby a final order of removal may be challenged only in the court of appeals by filing a petition for review within 30 days of the date of the order. See 8 U.S.C. § 1252(b)(1).  Otherwise aliens would have numerous opportunities to revisit the legality of their immigration orders.  INS v. Abudu, 485 U.S. 94, 107 (1988) (stating that there is a "strong public interest in bringing litigation to a close as promptly as is consistent with" a fair opportunity to present claims).  If new facts or claims should arise after the filing deadline has passed, an alien's remedy is to file a motion to reopen with the BIA.

Finally, even if petitioner's claim raises a constitutional issue, Congress' time limitation on judicial review of removal orders is reasonable and does not violate the Suspension Clause. The Supreme Court has upheld the constitutionality of similar restrictions in habeas corpus for challenges to criminal convictions.  In Daniels v. United States, 532 U.S. 374 (2001), the prisoner sought to use § 2241 habeas corpus to challenge two prior state convictions which were being used for sentencing

purposes in a recent federal conviction. Id. at 377-78. His claim was based in part on "ineffective assistance of counsel." Id. at 384. Stressing the interest in finality, the Supreme Court held that the petitioner could not use habeas corpus to challenge those prior state convictions. Id. at 379-81. Although defendants may challenge their convictions for constitutional infirmity, the challenges "are not available indefinitely and without limitation." "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." Id. at 381.

In support of its analysis, the Court cited prior jurisprudence for the well-established principle that "'a constitutional right . . . may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.'" Id. (quoting United States v. Olano, 507 U.S. 725, 731, (1993)). "One of the principles vindicated by these limitations is a 'presumption deeply rooted in our jurisprudence: the "presumption of regularity" that attaches to final judgments, even when the question is waiver of constitutional rights.'" Id. (quoting Parke v. Raley, 506 U.S. 20, 29 (1992); see also Felker v. Turpin, 518 U.S. 651, 664 (1996) (upholding constitutionality of habeas restrictions, and reasoning that such restrictions

"constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice 'abuse of the writ'"; thus "we hold that they do not amount to a "suspension" of the writ contrary to Article I, § 9").

In the end, because petitioner did file a habeas petition that was pending on the date of enactment of the RIDA, he will get review of his claims at the First Circuit court of Appeals when his case is transferred there. The Constitution's Suspension Clause does not require habeas review of removal orders because Congress has provided a constitutionally "adequate and effective" substitute for habeas corpus review through the petition for review mechanism, see Swain v. Pressley, 430 U.S. 372, 381 (1977), which is now available to all aliens.  See 8 U.S.C. § 1252(a)(2)(D), as amended by RIDA § 106(a).

Accordingly, the instant case should be transferred to the First Circuit Court of Appeals pursuant to section 106(c) of the RIDA.

II. BECAUSE HABEAS CORPUS REVIEW OF THE BIA'S JUNE 16, 2005, ORDER WAS NOT PENDING BEFORE THIS COURT ON MAY 11, 2005, REVIEW OF THAT ORDER MAY NOT BE TRANSFERRED PURSUANT TO SECTION 106(c) OF THE REAL ID ACT OF 2005.

As to petitioner's conceded failure to seek judicial review of the Board of Immigration Appeal's ("BIA") June 16, 2005, dismissal of his appeal from the Immigration Judge's denial of his motion to reopen, see Attachment A, the RIDA section 106(c) transfer provision plays no part.  It became the law on May 11,

2005, that review of removal orders now lay exclusively at the appropriate circuit court of appeals upon a petition for review there filed within 30 days of the date of the final removal order.[4] The BIA dismissal of petitioner's appeal was dated June 16, 2005, over a month after the enactment of RIDA, and so petitioner was on notice as to how to seek judicial review of a BIA order entered after May 11, 2005. Moreover, even if the enactment of the RIDA itself somehow did not apprise petitioner, the state of the law in this regard was also set out in respondent's motion to transfer filed on June 22, 2005.

Petitioner blithely seeks to have this Court transfer to the First Circuit "the portion of this action that challenges the June 16, 2005 decision of the BIA." Petitioner's Opposition, p. 4. However, there *is* no portion of the case challenging the June

---

[4] RIDA section 106(a)(1)(B) creates new INA section 242(a)(5), 8 U.S.C. § 1252(a)(5):

*(5) EXCLUSIVE MEANS OF REVIEW- Notwithstanding any other provision of law (statutory or nonstatutory), including* section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms `judicial review' and `jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

16, 2005 order that was pending on May 11, 2005, and so any such constructive claim -- and even now petitioner does no more than merely advert to the existence of the June 16, 2005 order -- does not fall within the compass of the RIDA section 106(c) transfer provision.

RIDA plainly requires that all challenges to removal orders must be made to the appropriate circuit court within 30 days of the date of the removal order.  Petitioner's failure to seek that prescribed judicial review of the June 16, 2005, BIA order was an election by him not to seek judicial review of that order.

Petitioner's unsupported assertion that "[t]o have filed a petition for review at the First Circuit Court of Appeals before the matter was adjudicated would have rendered this entire action moot", Petitioner's Opposition, p. 4, makes no sense and is directly contradicted by 8 U.S.C. § 1252(b)(6) (directing that circuit court "shall" consolidate review of removal order and motion to reopen orders).  Had petitioner timely sought judicial review of the BIA's June 16, 2005, appeal dismissal at the circuit court as directed by statute, the circuit court would have consolidated that review with review of the transferred RIDA claims.

Accordingly, the June 16, 2005, order of the BIA is not within the ambit of the RIDA section 106(c) transfer provisions.
III. PETITIONER FAILS TO STATE A CLAIM OF UNLAWFUL DETENTION.

Finally, it is undisputed that this Court *does* retain habeas corpus jurisdiction over "pure" detention claims -- e.g., claims that assert unlawfully prolonged detention under Zadvydas v. Davis, et al., 533 U.S. 678, 701 (2001) -- but not over claims that challenge the lawfulness of a removal order vicariously by mere assertion of unlawful detention.[5]

Petitioner takes the position that "the part of the habeas action that challenges Petitioner's detention and request for stay of removal should remain in the District Court and not be transferred to the Court of Appeals." Petitioner's Opposition, p.6. However, review of petitioner's filings in this Court to date reveals that there *is* no "part of the habeas action that challenges Petitioner's detention." Id. At most, petitioner asserts: "Petitioner should be allowed to report to the Service [sic] and not be detained." Petition, p. 2, ¶ 8.

To whatever extent a pure detention claim can be constructed from the petition, petitioner is now detained pending execution of his deportation order, which was entered against him when he failed to appear at his deportation hearing on July 15, 1997.

---

[5] Habeas challenges to pure detention -- that is, challenges only as to the fact of detention or continuing detention and not vicariously to the lawfulness of a removal order -- are not affected by the RIDA section 106 jurisdictional amendments. See Conference Report, 151 Cong. Rec. H2813, 2873, 109th Cong., 1st Sess., available at 2005 WL 1025891 (May 3, 2005)("Moreover, section 106 would not preclude habeas review over challenges to

His detention continues to be authorized under the Supreme Court case of <u>Zadvydas v. Davis, et al.</u>, 533 U.S. 678, 701 (2001)(recognizing a six month period of post-removal order detention as presumptively lawful, but observing also that: "This 6-month presumption, of course, does not mean that every alien not removed must be released after six months.  <u>To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future</u>." (emphasis added)).

Petitioner does not assert that his deportation is not reasonably foreseeable, and in fact petitioner has now been **scheduled for deportation to El Salvador on August 23, 2005.** See Attachment B, Declaration of James Brown, Chief Immigration Enforcement Agent.

Accordingly, any constructive claim of unlawful detention should be dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

Because the Court lacks subject matter jurisdiction to review the petitioner's deportation order or the BIA's June 16, 2005, dismissal of petitioner's appeal, it should transfer this case to the First Circuit Court of Appeals as directed by section 106(c) of the RIDA, and dismiss the petition for failure to state

---

detention that are independent of challenges to removal

a claim upon which relief may be granted as to any constructive pure detention claim.

                Respectfully submitted,

                MICHAEL J. SULLIVAN
                United States Attorney

By:  s/Frank Crowley
     FRANK CROWLEY
     Special Assistant U.S. Attorney
     Department of Homeland Security
     P.O. Box 8728
     J.F.K. Station
     Boston, MA 02114
     (617) 565-2415

**CERTIFICATE OF SERVICE**

I hereby certify that I caused true copy of the above document to be served upon counsel for petitioner by mail on August 16, 2005.

                s/Frank Crowley
                FRANK CROWLEY
                Special Assistant U.S. Attorney
                Department of Homeland Security
                P.O. Box 8728
                J.F.K. Station
                Boston, MA 02114

---

orders.").

**ATTACHMENT A**

U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

5201 Leesburg Pike, Suite 1300
Falls Church, Virginia 22041

Sanders, Richard, Esquire
20 PARK PLAZA
SUITE 633
BOSTON, MA 02116-0000

Office of the District Counsel/BO
P.O. Box 8728
Boston, MA 02114

Name: VIVAS-CHACON, LEONIDES*          A74-588-341

Date of this notice: 06/16/2005

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

Frank Krider
Chief Clerk

Enclosure

Panel Members:
    OSUNA, JUAN P.

**U.S. Department of Justice**
**Executive Office for Immigration Review**

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:   A74-588-341 - Boston                    Date:

In re: VIVAS-CHACON, LEONIDES*                  JUN 1 6 2005

IN DEPORTATION PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:   Sanders, Richard, Esquire

ORDER:

    PER CURIAM. The respondent has appealed from the Immigration Judge's decision dated March 11, 2005. In her decision, the Immigration Judge denied the respondent's motion to reopen his removal proceedings in which he was ordered removed in absentia on July 15, 1997. The appeal will be dismissed.

    The Immigration Judge properly denied the respondent's motion. The respondent concedes that the Immigration Judge told him the date of his hearing and personally provided him with a written Notice of Hearing. Such verbal and written notice is proper notice in accordance with sections 239(a)(1) and (2) of the Immigration and Nationality Act. Since the respondent received proper notice in accordance with sections 239(a)(1) and (a)(2) of the Act, the Immigration Judge properly denied respondent's motion to reopen. 8 C.F.R. § 1003.23(b)(4)(ii). In his Notice of Appeal, the respondent alleges "exceptional circumstances" in the form of a heart condition. However, the respondent's motion to reopen based on an "exceptional circumstance" is untimely as it was filed nearly 8 years after the respondent's July 15, 1997, in absentia order of removal. See 8 C.F.R. § 1003.23(b)(4)(ii). We further decline to reopen and administratively close the respondent's proceedings so that he may apply for temporary protected status (TPS) because this Board does not reopen and administratively close proceedings which involve aliens who are potentially eligible for TPS.

    Finally, we find no reason to reverse the Immigration Judge's decision based on the respondent's contention offered for the first time on appeal that changed circumstances have arisen in El Salvador. 8 C.F.R. § 1003.2(c)(3)(ii). Normally, we do not consider new evidence offered for the first time on appeal. Even if we were to consider the new evidence filed with the respondent's appeal, we cannot conclude that the new facts and evidence by themselves, in that the respondent and his siblings are engaged in an ongoing dispute with his step-siblings for various reasons, establish a legitimate nexus between the harm alleged and one of the grounds enumerated in the Act. See generally INS v. Elias-Zacarias, 502 U.S. 478 (1992). Rather, the harm the respondent alleges appears to be nothing more than a family feud. We, therefore, find that the respondent has failed to demonstrate prima facie eligibility for the underlying relief sought. Matter of L-O-G-, 21 I&N Dec. 413, 419 (BIA 1996). Based on the foregoing, we concur with the Immigration Judge's decision to deny the respondent's motion. See Matter of Coelho, 20 I&N Dec. 464 (BIA 1992) (finding that a motion to reopen proceedings may be denied where a prima facie case for the relief sought has not been established).

    Accordingly, the appeal is dismissed.

_____
FOR THE BOARD

**ATTACHMENT B**

## DECLARATION OF CHIEF IMMIGRATION
## ENFORCEMENT AGENT JAMES BROWN

Pursuant to the authority of 28 U.S.C. § 1746, I, JAMES BROWN, Chief Immigration Enforcement Agent at the Boston, Massachusetts, office of the Bureau of Immigration and Customs Enforcement of the United States Department of Homeland Security ("ICE"), declare as follows:

1. I am the Chief Immigration Enforcement Agent at the Boston, Massachusetts, office of the Bureau of Immigration and Customs Enforcement of the United States Department of Homeland Security ("ICE").

2. Included in my official duties as a Chief Immigration Enforcement Agent is the responsibility for supervising and monitoring the execution of orders of removal and deportation.  This responsibility relates to the process of confirming the existence of the necessary authorizations, or "travel documents", issued by foreign governments for the return of removable aliens to their respective home countries, and to the process of confirming the scheduling of the execution of removal orders by aircraft.

3.  As a Chief Immigration Enforcement Agent in Boston, I am familiar with the process for travel document issuance by the various foreign governments, and with the day to day mechanisms of scheduling execution of and executing removal orders.

4.  At the request of Special Assistant United States Attorney Frank Crowley, I have examined the administrative records available to me relating to efforts to enforce the final administrative removal order in the case of Leonides VIVAS-Chacon, Administrative File No. A74-588-341.  Upon review of the records available to me as a Chief Immigration Enforcement Agent, I confirm that Leonides VIVAS-Chacon has now been issued a travel document and scheduled for deportation to El Salvador **on August 23, 2005.**

I declare, under penalty of perjury that the foregoing is true and correct.

Executed on: 8/15/05
            Date                Signature

JAMES BROWN
Chief Immigration
Enforcement Agent
U.S. Dept. Homeland Security
Bureau of Immigration & Customs Enforcement
Boston, Massachusetts

2