**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

```
LEONIDES VIVAS CHACON        )
     Petitioner              )
                             )
          v.                 )
                             )        NO.  05cv10465-MEL
                             )
BRUCE CHADBORNE              )
DISTRICT DIRECTOR            )
U.S. IMMIGRATION AND         )
CUSTOMS ENFORCEMENT          )
     Respondent              )
```

## MOTION FOR EMERGENCY STAY OF REMOVAL

Now Comes, Leonides Chacon ("Petitioner"), by and through Counsel, and respectfully moves this Honorable Court for an Emergency Stay of Deportation, because Petitioner has a bona fide claim for Asylum.

1. The Petitioner, Leonides Chacon, is a resident of East Boston, Massachusetts, and is presently in the custody of the U.S. Immigration and Customs Enforcement Agency. Petitioner believes ICE plans to Remove him from the United States on or about August 23, 2005.

2. The Respondent, Bruce Chadborne, is the District Director for the U.S. Immigration and Customs Enforcement Agency, District of Boston.

### SUMMARY OF ISSUE

3. Petitioner has a bona fide claim for Asylum.

4. Petitioner is afraid to return to his native El Salvador.

5. Petitioner will face irreparable harm if he is Removed from the United States before his Asylum claim is fully adjudicated.

6. There is ongoing litigation in this matter where Petitioner filed a Habeas Corpus and Emergency Motion to Stay Deportation under Docket No. 05cv10456-MEL regarding a Motion to Reopen with the Immigration Court. That Motion to Reopen was denied by the IJ. The decision was appealed to the BIA where it was denied. The Motion to Reopen was based on improper notice, not Petitioner's Asylum Claim.

## ANALYSIS

6. The Petitioner moves this Honorable Court to grant this request to stay removal pending the outcome of Petitioner's Asylum claim before the Service.

7. For an Emergency Stay of Removal to be granted, Petitioner must demonstrate: 1) he will likely succeed on the merits; 2) he will suffer irreparable harm; 3) the harm outweighs any potential harm that would arise from granting the stay; and 4) the stay would serve the public interest. Arevalo v. Ashcroft, 344 F.3d 1, 7, 9 (1st Cir. 2003).

8. Petitioner will likely succeed on the merits. Petitioner has a legitimate Asylum claim. Petitioner is a native of El Salvador and is afraid to return. Petitioner's half brother has threatened the lives of Petitioner and his brothers over ownership of land in El Salvador that was willed to Petitioner and his brothers by his father. Petitioner's half brother has vowed to kill Petitioner and his brothers if they return to El Salvador. Petitioner is also an Evangelical Christian and faces persecution as a result.

   a. Proof of past persecution entitles the applicant to a rebuttable presumption that his fear of future persecution is well-founded. Matter of Chen, I.D. #104 (BIA 1989); 8 C.F.R. Sec. 208.13(b)(1)(i). "Careful consideration" should also be given to evidence that the "country at issue in an asylum case has a history of persecuting people in circumstances similar to the asylum applicant's." Matter of Mogharrabi, 19 I&N Dec. 439, 446 (BIA 1987); see also 8 C.F.R. Sec. 208.13(b)(2)(i)(A). The Government may

> rebut the presumption of a well-founded fear of future persecution by establishing by a preponderance of the evidence that "since the time the persecution occurred conditions in the applicant's country of nationality or last habitual residence have changed to such an extent that the applicant no longer has a well-founded fear of being persecuted if he were to return. 8 CFR Sec. 208.13(b)(1)(i).
>
> The Board of Immigration Appeals has defined persecution as a "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." <u>Matter of Acosta</u>, 19 I&N Dec. 211, 222 (BIA 1985). It encompasses harm or suffering that the Petitioner already experienced.

9. Petitioner will suffer irreparable harm if Petitioner is Removed from the United States before Petitioner's Asylum Application is fully adjudicated.

10. The harm Petitioner will suffer far outweighs any potential harm that would arise from granting the stay. If Petitioner is deported before the Service rules on his Asylum application, Petitioner will lose eligibility to claim Asylum and not be afforded the benefit of residence in the United States. Furthermore, Petitioner faces persecution and potential death if he is Removed to El Salvador. This harm to Petitioner clearly outweighs any harm in granting the Stay. Petitioner is detained by ICE and in no manner is he a violent person. By granting a Stay until the Service rules on his Asylum application a grave injustice to Petitioner will be averted and no harm would arise.

11. The public interest would be served if the Stay is Granted.

    a. The function of Asylum is to ensure aliens that suffer persecution and potential death are afforded the benefit of living in the United States to avert any potential harm. The grant of a stay of deportation will ensure this public interest is accomplished.

    b. Petitioner's United States Citizen children will become charges of the state if Petitioner is deported from the United States. This Stay will serve the public interest

    because if Petitioner's Asylum application is granted his family will not become charges of the state.

    c. The public interest will be served because if the Stay is granted, it will ensure Petitioner's Sixth Amendment Right to Counsel and Due process Rights are not violated.

## CONCLUSION

12. Based upon the above stated facts, Petitioner prays that this court will grant his request for an Emergency Stay, where removal under the circumstances would amount to a violation of his Constitutional rights.

Respectfully Submitted,

*[signature]*

Jeff Ross, Esq.
Ross & Associates
20 Park Plaza, Suite 633
Boston, MA 02116
(617) 338-4040
BBO: 648972

I hereby certify that a true copy of the above document was served upon Office of the District Counsel, Department of Homeland Security, JFK Building, Room 425, 15 New Sudbury Street, Boston, MA 02203; the attorney of record for each party by mail, on August 22, 2005.

_____